[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12222

_____

D. C. Docket No. 05-00086-CV-WCO-2

ARMENTROUT ROEBUCK MATHENY
CONSULTING GROUP, P.C.,
a Georgia Corporation,

                                                    Plaintiff-Counter-
                                                    Defendant-Appellant,


versus


JACKSON COUNTY WATER AND SEWERAGE
AUTHORITY,
a Georgia Public Utility Authority,
PRIME ENGINEERING INCORPORATED,
a Georgia Corporation,

                                                    Defendants-Counter-
                                                    Claimant-Appellees.



_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(December 19, 2007**)

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and MARTINEZ,[*] District Judge.

PER CURIAM:

Armentrout Roebuck Matheny Consulting Group, P.C., ("Armentrout") appeals the district court's grant of summary judgment in favor of Jackson County Water and Sewerage Authority and Prime Engineering, Inc. (together, the "Defendants"). Finding that Armentrout granted the Defendants an implied license to use its copyrighted materials, the district court granted summary judgment for the Authority and Prime. We vacate and remand.

We review a district court's grant of summary judgment *de novo*, "applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (internal quotation marks omitted). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Upon careful consideration and after the benefit of oral argument, we conclude that a reasonable jury, weighing the factors discussed in *Nelson-Salabes,*

[*] Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, sitting by designation.

*Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 516 (4th Cir. 2002), could find that

Armentrout *did not* grant the Defendants an implied license to use its copyrighted

materials.[1]  Therefore, as a genuine issue of material fact exists, summary

judgment was inappropriate. Accordingly, we vacate the district court's grant of

summary judgment in favor of the Defendants and remand this case to the district

court for trial on the merits.

**VACATED AND REMANDED**.

---

[1] For instance, the following facts lend support to the finding that Armentrout *did not* intend to grant an implied license: (1) the parties were involved in an ongoing relationship, (2) the contract restricted Jackson County's ability to transfer all rights under the agreement without Armentrout's written consent, and (3) Armentrout placed copyright notices on its materials.